```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


VALERIU GURAU and
NATALIA GURAU                                        PLAINTIFFS

VS.                             CIVIL ACTION NO. 5:14-cv-70(DCB)(MTP)

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY                          DEFENDANT
```

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant State Farm Mutual Automobile Insurance Company ("State Farm")'s motion to transfer venue **(docket entry 4)**.  Having carefully considered the motion and the plaintiffs' response, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

This civil action arises from a motor vehicle accident that occurred on March 22, 2013, in Dallas County, Texas, where plaintiff Valeriu Gurau was operating a 2012 Lincoln MDX owned by Michael Wheelis.  The other vehicle involved in the accident was owned by Ramiro Andrade and was being driven by Jorge Gama Vergara.  Plaintiff Natalia Gurau was a passenger in the vehicle being driven by Valeriu Gurau.

The Guraus filed their Complaint in this case against State Farm in the Circuit Court of Adams County, Mississippi, and the action was timely removed by State Farm to this Court on the basis of diversity of citizenship jurisdiction.  In their complaint, the

Guraus allege that Vergara was operating an uninsured motor vehicle, and that State Farm had issued an insurance policy on the Wheelis vehicle, in force at the time of the accident, which provided uninsured motorist coverage. The Guraus further allege that they are entitled to uninsured motorist benefits from State Farm for bodily injuries allegedly sustained as a result of the accident. The Guraus also allege in their complaint that they are residents of the State of Texas. The Texas Peace Officer's Crash Report reflects that the Guraus' address is in Dallas, Texas. The Report further reflects that the addresses of Jorge Gama Vergara, Ramiro Andrade, and Michael Wheelis are in Dallas, Texas.

Prior to filing suit, the plaintiffs presented a claim to State Farm for uninsured motorist benefits. The letter reflects that the Guraus were treated at Solar Health by Dr. Jose Equival and Dr. Haroon Rasheed, and at D.F.W. Open MRI, all of which are located in Dallas, Texas. The Guraus' attorney also submitted bills to State Farm incurred by the Guraus from North Dallas Chiropractic, which is located in Dallas, Texas.

State Farm moves to transfer this civil action to the United States District Court for the Northern District of Texas, Dallas Division. State Farm contends that this suit's only connection to Mississippi is that Wheelis obtained his State Farm policy while he was a resident of Mississippi and before he moved out of state. The Court will assume, for the sake of expediency, that venue is

2

proper in Mississippi.

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties and witnesses, and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.  The statute calls for a two-part inquiry, (1) "whether the action sought to be transferred is one that 'might have been brought' in the district court where the movant seeks to have the case litigated, i.e., the 'transferee' court.  If so, (2) whether, considering the 'convenience of parties and witnesses' and 'the interest of justice' a transfer to the proposed district is appropriate." Hernandez v. Graebel Van Lines, 761 F.Supp. 983 (E.D. N.Y. 1991). The Northern District of Texas, Dallas Division, is a proper venue pursuant to 28 U.S.C. § 1391(a)(2).

The second requirement involves weighing factors which fall into two groups: (1) those relating to the convenience of the litigants; and (2) those relating to the public interest in the fair and efficient administration of justice. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947); Walter Fuller Aircraft Sales v. The Rep. of the Philippines, 965 F.2d 1375, 1389 (5th Cir. 1992).

The convenience factors break down into the following: (1) plaintiff's choice of forum; (2) the ease of access to sources of proof; (3) the location of key witnesses in a forum; (4) the

3

proper in Mississippi.

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties and witnesses, and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.  The statute calls for a two-part inquiry, (1) "whether the action sought to be transferred is one that 'might have been brought' in the district court where the movant seeks to have the case litigated, i.e., the 'transferee' court.  If so, (2) whether, considering the 'convenience of parties and witnesses' and 'the interest of justice' a transfer to the proposed district is appropriate." Hernandez v. Graebel Van Lines, 761 F.Supp. 983 (E.D. N.Y. 1991). The Northern District of Texas, Dallas Division, is a proper venue pursuant to 28 U.S.C. § 1391(a)(2).

The second requirement involves weighing factors which fall into two groups: (1) those relating to the convenience of the litigants; and (2) those relating to the public interest in the fair and efficient administration of justice. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947); Walter Fuller Aircraft Sales v. The Rep. of the Philippines, 965 F.2d 1375, 1389 (5th Cir. 1992).

The convenience factors break down into the following: (1) plaintiff's choice of forum; (2) the ease of access to sources of proof; (3) the location of key witnesses in a forum; (4) the

availability of compulsory process for the attendance of unwilling, and the cost of obtaining the attendance of willing, witnesses; (5) the distance witnesses and parties would have to travel; (6) the possibility of a view of the premises, if view would be appropriate to the action; (7) the place of the alleged wrong; (8) the possibility of delay and prejudice if transfer is granted; (9) other trial expenses; and (10) all other practical matters that would tend to make the trial easy, expeditious and inexpensive. Gulf Oil, 330 U.S. at 508; Walter, 965 F.2d at 1389.

The public interest factors consist of: (1) the relative backlog and other administrative difficulties in the two jurisdictions; (2) the fairness of placing the burdens of jury duty on the citizens of the state with the greater interest in the dispute; (3) the local interest in adjudicating local disputes; (4) the appropriateness of having the jurisdiction whose law will govern adjudicate the dispute in order to avoid difficult problems in conflicts of laws. Id. The party seeking transfer bears the burden of establishing that transfer to another district would best serve the interests of justice. Embree v. Cutter Biologics, 760 F. Supp. 103, 105 (N.D. Miss. 1991).

As stated, the State of Mississippi has little connection with this litigation, being the state in which Wheelis obtained his State Farm policy before moving out of state. When plaintiffs choose a forum which has little or no connection to the litigation,

4

their choice of venue is not entitled to great weight. <u>Waller v. Burlington Northern Railroad Co.</u>, 650 F.Supp. 988 (N.D. Ill. 1987); <u>Embree</u>, 760 F.Supp. at 105; <u>Paul v. International Precious Metals Corp.</u>, 613 F.Supp. 174, 179 (S.D. Miss. 1985).

The "most significant factor" in determining whether venue should be transferred "is the convenience of party and non-party witnesses." <u>Apache Prod. Co. v. Employer's Ins.</u>, 154 F.R.D. 650, 653 (S.D. Miss. 1994). The convenience of non-party witnesses is often considered to be the most important of the two. <u>Miot v. Kechijian</u>, 830 F.Supp. 1460 (S.D. Fla. 1993); <u>Cook v. Atchison, Topeka & Santa Fe Ry. Co.</u>, 816 F.Supp. 667 (D. Kan. 1993). The convenience of liability witnesses is generally given more weight than the convenience of damage witnesses, because without liability there can be no damages, and because a party's damage witnesses can frequently testify by deposition without prejudice to the effectiveness of that party's presentation of its case. <u>Kahhan v. City of Fort Lauderdale</u>, 566 F.Supp. 736 (E.D. Penn. 1983); <u>Schmidt v. Dog Leaders for the Blind</u>, 544 F.Supp. 42 (E.D. Penn. 1982). A closely related concern is the availability of compulsory process to compel the attendance of witnesses. <u>Cook</u>, <u>supra</u>; <u>Kirschner Bros. Oil, Inc. v. Pannil</u>, 697 F.Supp. 804 (D. Del. 1988); <u>Leonardos, Inc. v. Greathall Ltd.</u>, 714 F.Supp. 949 (N.D. Ill. 1989).

Evaluating the above factors, the Court finds that transfer to the Northern District of Texas, Dallas Division, is appropriate. The events giving rise to this lawsuit occurred in Texas. As a result, the primary witnesses are located in Texas. The plaintiffs are also Texas residents. The vehicle's owner is a Texas resident. The uninsured motorist is a Texas resident. The accident investigation took place in Texas. Thus, the following convenience factors favor transfer: ease of access to sources of proof, location of key witnesses, availability of compulsory process, cost of obtaining attendance of witnesses, distance witnesses and parties would have to travel, possibility of a view of the accident scene, place of the alleged wrong, other trial expenses, and all other practical matters that would tend to make the trial easy, expeditious and inexpensive.

The plaintiff's choice of forum also does not decisively weigh against transfer of this action. A plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party. Houston Trial Reports, Inc. v. LRP Publications, Inc., 85 F.Supp.2d 663, 667 (S.D. Tex. 1999).[1] However, a court may not attribute

---

[1] The district court for the Southern District of New York has observed that a plaintiff's choice of forum generally weighs against transfer "if either (a) the plaintiff resides in the chosen forum; or (b) the operative facts giving rise to the action occurred there." Meyers v. Allstate Ins. Co., 2009 WL 804672 (S.D. N.Y. March 26, 2009)(citation omitted). Neither is applicable in the present case since the Guraus reside in Texas and the operative facts giving rise to the action occurred there.

6

"decisive weight" to a plaintiff's choice of forum. A "[p]laintiff's choice of forum is clearly a factor to be considered but in and of itself is neither conclusive nor determinative." In re Horseshoe Entertainment, 337 F.3d 429, 434 (5th Cir. 2003).

As for the public interest factors, the State of Texas has the greater interest in this dispute, and the burdens of jury duty should be fairly placed upon its citizens. Similarly, Texas as the site of the accident has a local interest in adjudicating this dispute. Texas law will govern the causation and damages issues, and the Court perceives no conflicts of laws issues.

The convenience factors include "the possibility of delay and prejudice if transfer is granted," and the public interest factors include "the relative backlog and other administrative difficulties in the two jurisdictions." The plaintiffs contend that judges in the Northern District of Texas have a heavier caseload than judges in the Southern District of Mississippi, and have submitted statistics in support thereof. Accepting the statistics as true, the Court does not agree that such evidence strongly weighs against transfer. See In re Genentech, 566 F.3d 1338, 1347 (5th Cir. 2009)(relative speed of transferor and proposed transferee courts should not alone outweigh other factors"); P & S Business Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 808 (11th Cir. 2003)("Although docket congestion, if proven, may be an appropriate consideration in a § 1404 motion to transfer, case law does not

7

suggest that docket congestion is, by itself, a dispositive factor."). The Court therefore finds that both the convenience factors and the public interest factors favor transfer to the Northern District of Texas, Dallas Division. Accordingly,

IT IS HEREBY ORDERED that State Farm's motion to transfer venue **(docket entry 4)** is GRANTED. An Order of Transfer to the Northern District of Texas, Dallas Division, shall follow.

SO ORDERED, this the 3rd day of November, 2014.

/s/ David Bramlette<br>UNITED STATES DISTRICT JUDGE